[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10192

Non-Argument Calendar

_____

JOHN ANDREW KISTER,

Plaintiff-Appellant,

*versus*

MARIA WYNN,
CRNP,
TAHIR SIDDIQ,
Dr.,
WEXFORD HEALTH SOURCES, INC.,
HUGH HOOD,
Regional Medical Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00222-MHT-CSC

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

John Kister appeals the district court's grant of summary judgment to Maria Wynn, Tahir Siddiq, Wexford Health Sources, Inc., and Hugh Hood (collectively, Appellees), in Kister's 42 U.S.C. § 1983 action alleging Appellees were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Kister asserts we should remand his case for further proceedings because the district court used the incorrect deliberate indifference standard in granting summary judgment to the Appellees. Kister also contends the district court improperly construed the Appellees' special report as a motion for summary judgment. After review, we vacate and remand the district court's judgment.

## I.  DELIBERATE INDIFFERENCE STANDARD

Kister contends the district court applied the wrong deliberate indifference standard in deciding his case. He requests that we remand in light of our recent decision in *Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024) (*en banc*), which we issued after the district's decision in this case.

In *Wade*, we clarified the standard governing deliberate indifference claims under the Eighth Amendment. We held a plaintiff must show "he suffered a deprivation that was, objectively, sufficiently serious." *Wade*, 106 F.4th at 1262 (quotation marks omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). If a plaintiff meets that threshold, the plaintiff then must establish "the defendant acted with 'subjective recklessness as used in the criminal law'" meaning "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Id.* (quoting *Farmer*, 511 U.S. at 839). We also added a "caveat" that "even if the defendant 'actually knew of a substantial risk to inmate health or safety,' he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'" *Id.* (quoting *Farmer*, 511 U.S. at 844-45).

The district court issued its final judgment before we decided *Wade*. We therefore vacate the district court's judgment made in the Appellees' favor on Kister's deliberate indifference claims and remand for the court to analyze those claims in light of *Wade*.

## II.  SPECIAL REPORT

Kister also challenges the district court construal of the Appellees' special report as a motion for summary judgment. We have affirmed special reports being turned into summary judgment motions if *pro se* litigants are informed the court is considering summary judgment and they are allowed time to marshal evidence in support of their allegations. *See Horton v. Gilchrist*, 128 F.4th

1221, 1225-26 (11th Cir. 2025).  And as a general matter, courts must "giv[e] notice and a reasonable time to respond" before it "consider[s] summary judgment on its own."  Fed. R. Civ. P. 56(f).

The district court entered an order directing Appellees to file a special report addressing Kister's claims on April 13, 2021.  On April 23, 2021, Appellees filed a joint special report, in which they moved for summary judgment and provided supporting evidentiary materials.  Upon receipt of the Appellees' special report, the magistrate judge notified Kister in an Order dated April 26, 2021, that "[a]s indicated herein, at some time in the future the court may treat the defendants' reports and the plaintiff's response as a dispositive motion and response."  The Order further notified the parties that following 15 days from the date of the order, "the court may at any time thereafter and without further notice to the parties (1) treat the special report, as supplemented, and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment whichever is proper, and (2) after considering any response as allowed by this order, rule on the dispositive motion in accordance with the law."

After Appellees filed their initial special report on April 23, 2021, the magistrate judge ordered Appellees to produce several supplements to their special report.  And in August 2021, the magistrate judge ordered Appellees to file two supplemental special reports.  Throughout this time, Kister was responding to Appellees' special reports and supplements thereto.  Kister filed his last responses on September 20, 2021.

The case was then dormant for around one year, until Kister filed a change of address with the court. On October 3, 2022, Kister also filed a "notice of non-response" requesting a response from or a default judgment against certain defendants, which the district court denied. The case was again dormant for over another year, apart from a reassignment to another district judge and Kister filing changes of address. On December 6, 2023, over two and a half years since the magistrate judge's April 26, 2021, order notifying Kister that the special report could be construed as a motion for summary judgment, the magistrate judge entered a report and recommendation (R&R) recommending summary judgment in favor of the Appellees.

Kister was given 14 days to object to the R&R, and he filed an objection dated December 18, 2023, and postmarked on December 21, 2023. On December 26, 2023, Kister's objection was filed in the district court. Kister wrote one short paragraph stating there were issues of fact remaining in the case, making summary judgment improper. The district judge issued an order granting summary judgment and adopting the R&R the next day, on December 27, 2023.

Over two and a half years elapsed between the magistrate judge's April 2021 order and the issuance of the R&R in December 2023, and Kister's case was nearly inactive for two of those years. Kister did not receive any additional communication from the court on the possibility of converting the special report to a summary judgment motion beyond the April 2021 order stating the

court "may" consider the special reports as a dispositive motion and response at some time in the future, and the court "may at any time" treat the special report, as supplemented, and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment. For over two years, the case was almost dormant. Then suddenly, the magistrate judge issued an R&R recommending summary judgment after which Kister was given only 14 days to object.

In *Chapman v. Dunn*, we held the district court did not give a *pro se* inmate enough time to respond to the magistrate judge's R&R before entering summary judgment against him. 129 F.4th 1307, 1318-19 (11th Cir. 2025). In that case,

> [t]he parties had been going back and forth in discovery for more than two years between the time when the magistrate judge said he would consider summary judgment "at some time in the future" and when he issued the report and recommendation. The magistrate judge submitted the report and recommendation without providing Chapman any further notice—and before Chapman's response to the defendants' medical declaration made it onto the docket.

*Id.* at 1319. We held that in the particular circumstances, 14 days was not a reasonable time for Chapman to object to the R&R, and accordingly Chapman did not receive "an adequate opportunity to develop the record." *Id.*

While Kister was able to file a single paragraph objection within the time period allowed by the R&R, like in *Chapman*, we hold that in the particular circumstances here, 14 days was not a reasonable time to file an objection. Kister's case had been nearly inactive for two years, and the R&R was issued two and a half years after Kister's notice that the special report could be turned into a dispositive motion for summary judgment. Under these circumstances, the district court abused its discretion in failing to provide Kister with sufficient notice prior to construing the Appellees' special reports as motions for summary judgment, and in allowing Kister, a *pro se* inmate, only 14 days to respond to the R&R after his case had been nearly inactive for over two years. *See Horton*, 128 F.4th at 1226 (recognizing "a court should be particularly careful to ensure proper notice to a *pro se* litigant" (quotation marks omitted)).

## III.  CONCLUSION

For the reasons stated, we **VACATE** the district court's judgment in favor of the Appellees and **REMAND** for the court to provide Kister a sufficient opportunity to object to the R&R and for reconsideration of Kister's claims in light of *Wade*.